The People *v.* The New York Central Railroad Company.

---

SUPREME COURT. Erie General Term, September, 1861. *Marvin, Davis* and *Grover*, Justices.

## THE PEOPLE *v.* THE NEW YORK CENTRAL RAILROAD CO.

In an indictment against a railroad company, for an unlawful and willful neglect to erect and maintain fences on the sides of the road, it is necessary to aver that it was the duty of the corporation to erect and maintain such fences.

THIS case came before this court on a *certiorari* to the Court of Sessions of the county of Genesee. On the trial in that court, the defendant objected that the indictment, which was for an unlawful and willful neglect to erect and maintain fences on the sides of the road, contained no averment that it was the duty of the defendant to erect and maintain such fences. The objection was overruled, and the defendant convicted, and the case was afterwards brought up for review by a writ of *certiorari.*

*M. H. Peck,* for the plaintiff in error.

*Geo. Bowen,* for the defendant in error.

*By the Court,* MARVIN, J. The indictment against the plaintiff in error, was for an unlawful and willful neglect to erect and maintain fences on the sides of its railroad. The indictment is sufficiently formal, and contains all the necessary averments, unless it is necessary to aver that it was the duty of the corporation to erect and maintain the fences.

As the statute requires railroad corporations to erect and maintain fences, the counsel for the people supposes that no *averment* of a duty is necessary in an indictment for neglecting to erect and maintain such fences, and the Court of Sessions so held by overruling the objection of the counsel for the corporation, and holding the indictment sufficient. In my opinion the court erred. I find, on consulting the precedents of indictments for neglecting to repair highways, bridges, &c., that they all contain an averment that the defendant "ought to have repaired and amended, and still of right ought to repair and amend when and as often as it should or shall and may be necessary." (*See the forms,* 3 *Chitty Cr. L.,* 578, *et seq.;* *Archbold Cr. Pl.,* 643.) When the indictment is against a parish, Archbold says, it is not necessary to aver the liability of the. parish to repair; for the law presumes that until the contrary is shown. (*Archbold Cr. Pl.,* 645.) The parish may, by a special plea, show that others ought to repair and amend the highway. (*Id.,* 646.) When the indictment is against an individual, or a township or class of persons not of common right bound to repair, the mode in which the defendant became liable must be stated. (3 *Chitty Cr. L.,* 571; 5 *Burr.,* 2700; 2 *Saund.,* 158, *n. q;* 2 *T. R.,* 513.)

In the cases referred to, the common law imposed the duty, and the presumption was that the parish was bound to repair, and in all other cases the mode in which the defendant became liable must be stated. It was argued in this case that the duty was imposed by statute, and that no averment of duty was therefore necessary. Perhaps it was not necessary that the indictment should contain a formal averment of duty or obligation to erect and maintain the fences, but it should, at least, have alleged the allegations in the form of the statute by a recital of it, or some reference to it in such a manner as to show the obligation or duty of the defendant.

In *Kane* v. *The People* (3 *Wend. R.,* 363), the indictment set forth the substance of the act of incorporation, and the duties and liabilities of the president and directors were described. The neglect to repair the road, as they were and *still are*

The People *v.* The New York Central Railroad Company.

*required to do*, is alleged. In a second count, the duty to keep the road in good order and repair is alleged. (*S. C.*, 8 *Wend. R.*, 205, 206.) The statute, in that case, made it the duty of the president and directors of the corporation to maintain and keep the road in good repair, and a neglect of that duty was made a misdemeanor in the president and *individual* directors. Kane and two others, directors, were indicted under the statute incorporating the company. It was objected in the Court for the Correction of Errors, that the indictment was not sufficiently specific. To this objection the Chancellor says, the indictment recites the substance of the statute, which shows that it was the duty of the directors to keep the road in repair, and he might have added that it also averred the duty. In the present indictment, there is no reference to the statute, except that it concludes, "contrary to the form of the statute in such case made and provided," without having recited any portion of the statute, or averring any obligation or duty on the part of the defendant to erect or maintain fences. In my opinion, the indictment is defective, and for this reason the judgment should be reversed.

The principal question discussed upon the argument was, whether the indictment would lie against the defendant for neglecting to erect and maintain fences. Having come to the conclusion that the indictment is defective, I abstain from expressing any opinion upon the question, whether an omission to erect and maintain fences is an indictable offense.

Proceedings reversed, and indictment quashed.